UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY RUSSELL FULTON,

    Petitioner,                                                            Civil Action No. 12-CV-13112

v.

                                                HON. BERNARD A. FRIEDMAN

KENNETH McKEE,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF
HABEAS CORPUS, GRANTING IN PART A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

        Petitioner has filed a *pro se* application for a writ of habeas corpus, challenging his state convictions for first-degree home invasion and resisting and obstructing a police officer. Petitioner was sentenced as a habitual offender to imprisonment for ten to fifty years for the home invasion and two to fifteen years for resisting and obstructing a police officer. He claims that (1) there was insufficient evidence to support his conviction for first-degree home invasion, (2) his sentence was based on inaccurate information, and (3) his sentence violates the principles set forth in *Blakely v. Washington*, 542 U.S. 296 (2004). Respondent urges the Court to dismiss the petition on the grounds that petitioner did not exhaust state remedies for all of his claims and that his claims lack merit or are not cognizable on habeas review. The Court agrees that petitioner is not entitled to habeas corpus relief. Accordingly, the Court shall deny the petition.

**I. Procedural History**

        Petitioner was charged with first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1). The charges arose from on incident that occurred on June 15, 2009, when petitioner broke into Father

Eugene Simon's second-floor apartment in Southfield, Michigan. The evidence at trial established that Father Simon was an 84-year-old priest. After attending services early on Monday, June 15, 2009, he returned home about 9:15 a.m. and

> called the police [because] he was unable to open [his] apartment door, which was blocked by a chair. A responding officer pushed the door open and saw [petitioner] in the living room. A sliding glass door had been shattered. The officer and his partner entered the apartment as [petitioner] tried to flee. As he was being subdued, [petitioner] kicked one of the officers. Burglary tools and the priest's envelope containing $300 were found on [petitioner's] person.

*People v. Fulton*, No. 296114, 2011 WL 832949, at *1 (Mich. Ct. App. Mar. 10, 2011).

There was additional evidence that Father Simon remained on the first floor of the apartment building after he admitted the police officers into the building and that he remained there while the officers checked his apartment. After the officers entered the apartment and detained petitioner, Father Simon went up to his apartment and identified petitioner as someone he had known for about a year. He testified that he had helped petitioner in the past by providing him with housing when petitioner was evicted from a facility run by the Salvation Army. Father Simon also testified that he did not give petitioner permission to enter his apartment and that he had never given petitioner a set of his keys.

Father Simon and one of the two responding police officers were the only witnesses at petitioner's jury trial in Oakland County Circuit Court. Petitioner did not testify or present any witnesses, and he did not dispute the facts. He also did not contest the count charging him with resisting and obstructing a police officer. His attorney argued to the jury that petitioner was guilty of second-degree home invasion, at most, because Father Simon was not present in his apartment when petitioner broke into the apartment. Defense counsel moved for a directed verdict of acquittal

on that basis, but the trial court denied his motion. And while the trial court instructed the jury on the lesser offense of second-degree home invasion, the jury found petitioner guilty, as charged, of first-degree home invasion and resisting and obstructing a police officer.

On October 15, 2009, the trial court sentenced petitioner as a fourth felony offender to imprisonment for ten to fifty years for the home invasion and two to fifteen years for resisting and obstructing a police officer. In an appeal of right, petitioner argued that (1) there was insufficient evidence to convict him of first-degree home invasion and (2) one of the offense variables in the state sentencing guidelines was scored on the basis of inaccurate information. The Michigan Court of Appeals affirmed petitioner's convictions and sentence in an unpublished, *per curiam* opinion. *See People v. Fulton*, No. 296114, 2011 WL 832949 (Mich. Ct. App. Mar. 10, 2011). Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded to review the issues. *See People v. Fulton*, 490 Mich. 882; 803 N.W.2d 881 (2011).

On July 16, 2012, petitioner filed the instant petition pursuant to 28 U.S.C. §§ 2241 and 2254. As noted above, he alleges that (1) the evidence was insufficient to convict him of first-degree home invasion, (2) he was sentenced on the basis of inaccurate information, and (3) his sentence violates the principles set forth in *Blakely*, 542 U.S. at 296.

Respondent contends that petitioner did not exhaust his state remedies for his third claim. Petitioner concedes that he did not raise his third claim in any state court, but he maintains that there is no state court remedy to exhaust.

A state prisoner ordinarily must exhaust state remedies before raising his claims in federal court. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). But the exhaustion requirement is not jurisdictional, *see Castille v. Peoples*, 489 U.S. 346, 349 (1989),

and a federal court may deny a habeas petition on the merits despite the petitioner's failure to exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(2). Because petitioner's claims lack merit, the Court shall deny them on that basis, rather than for petitioner's failure to exhaust.

## II. Standard of Review

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, the court may not grant a state prisoner's application for a writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal

law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

> This distinction creates "a substantially higher threshold" for obtaining relief than *de novo* review. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L.Ed. 2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L.Ed. 2d 279 (2002) (*per curiam*)."

*Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A petitioner's burden is to show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

### III. Analysis

#### A. Sufficiency of the Evidence

Petitioner first argues that the evidence adduced at trial was insufficient to convict him of first-degree home invasion because no one was present when he broke into Father Simon's apartment. Petitioner claims that he is guilty of nothing more than second-degree home invasion, which does not require that a person be present in the dwelling when a home invasion occurs.

#### 1. Clearly Established Federal Law

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "After *Winship* the critical inquiry on review of the

sufficiency of the evidence to support a criminal conviction" is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphases in original).

"A sufficiency of the evidence claim is a 'steep climb' . . . ." *United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012) (quoting *United States v. Stafford*, 639 F.3d 270, 273 (6th Cir. 2011)). Federal courts, moreover,

> apply two layers of deference in reviewing habeas claims challenging evidentiary sufficiency. *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204–05 (6th Cir. 2009)). "First . . . [they] must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L. Ed. 2d 560 (1979)). "Second, even were [they] to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [they] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*. (citing 28 U.S.C. § 2254(d)(2)).

*Moreland v. Bradshaw*, 699 F.3d 908, 916-17 (6th Cir. 2012).

### 2. Application

The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. The Michigan statute on first-degree home invasion states:

> (2) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

Mich. Comp. Laws § 750.110a(2). These elements can be broken down as follows:

> Element One: The defendant *either*:
>
> > 1. breaks and enters a dwelling or
> >
> > 2. enters a dwelling without permission.
>
> Element Two: The defendant *either*:
>
> > 1. intends when entering to commit a felony, larceny, or assault in the dwelling or
> >
> > 2. at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault.
>
> Element Three: While the defendant is entering, present in, or exiting the dwelling, *either*:
>
> > 1. the defendant is armed with a dangerous weapon or
> >
> > 2. another person is lawfully present in the dwelling.

*People v. Wilder*, 485 Mich. 35, 43; 780 N.W.2d 265, 269 (2010) (emphases in original).

The only element in contention here is the second prong of element three, that is, whether another person was lawfully present in Father Simon's apartment when petitioner entered, was present, or was exiting the apartment. According to petitioner, the statute protects homeowners and the requirement that another person must be lawfully present is not satisfied by a police officer who responds to a call about a breaking and entering. The Michigan Court of Appeals, however, stated on review of petitioner's claim that

> a police officer is "[a]nother person," and as a responder, the officer would be "lawfully present in the dwelling." The statute therefore includes the police officer at issue here.

*Fulton*, 2011 WL 832949, at *1.

The Court of Appeals also determined that, while one purpose of the statute is to protect an inhabitant's peaceful habitation,

> another reasonable concern addressed by the statute is that a criminal confronted in the home by a "person" might hurt that "person" in an attempt to protect identity or flee. Police officers who confront a burglar in the home would also be subject to this risk. Elevation of home invasion to the first degree based on the lawful presence of a police officer in the dwelling would effectuate the object of the law to the extent the purpose is to protect individuals as opposed to property.

*Id*.

The Court of Appeals opined that the statute was not ambiguous and that the implied intent of the statute "was to define broadly the class of persons who might be present." *Id*. at *2. The Court of Appeals concluded that the trial court properly denied petitioner's motion for a directed verdict of acquittal.

The testimony at trial established that two police officers entered Father Simon's apartment while petitioner was present in the apartment and as petitioner attempted to exit the

apartment. Thus, a rational trier of fact could have concluded from the evidence, taken in the light most favorable to the prosecution, that petitioner was guilty of first-degree home invasion beyond a reasonable doubt.

Even if the court had concluded otherwise, the state appellate court's conclusion that another person was lawfully present in Father Simon's apartment while petitioner was present or exiting the apartment was not unreasonable. This Court therefore must defer to the state court's decision. *See Moreland*, 699 F.3d at 917. Given the deference due on habeas review and the fact that "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), petitioner has no right to relief on the basis of his challenge to the sufficiency of the evidence.

## B. The Sentence

### 1. The Sentencing Guidelines

Petitioner's remaining two claims challenge his sentence. He alleges first that the trial court improperly assessed ten points on offense variable ten (OV 10) of the state sentencing guidelines. This claim lacks merit because the state court's interpretation and application of its own sentencing laws and guidelines is a matter of state concern only, *see Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Consequently, the contention that the trial court incorrectly calculated the state sentencing guidelines is not cognizable on federal habeas corpus review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Petitioner attempts to couch his claim in constitutional terms by alleging that he was

sentenced on the basis of inaccurate information in violation of his constitutional right to due process. To prevail on this argument, petitioner must show that his sentence was founded on "misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), or on "extensively and materially false" information that he had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

At issue is OV 10, "exploitation of a vulnerable victim." Mich. Comp. Laws § 777.40(1). A score of ten points is appropriate if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." Section 777.40(1)(b). "As used in this section . . . '[e]xploit' means to manipulate a victim for selfish or unethical purposes," and " '[v]ulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." Section § 777.40(3)(b) and (c).

Petitioner challenges the state court's conclusion that he exploited Father Simon's agedness. He contends that Father Simon was not vulnerable or in poor health. He also contends that he did not wait to commit the crime until Father Simon was alone and defenseless, and he points out that Father Simon was not even home when the home invasion occurred.

The evidence at trial, however, established that Father Simon was eighty-four years old at the time of the crime. He was acquainted with petitioner and had helped petitioner in the past when petitioner was evicted from a Salvation Army facility. At sentencing, the trial court chose to agree with the prosecutor that petitioner preyed on a vulnerable person, someone whom he knew was elderly.

The Michigan Court of Appeals stated on review of petitioner's claim that Father

10

Simon's age was encompassed by the term "agedness" in § 777.40(1)(b) and that Father Simon's advanced age made him vulnerable. The Court of Appeals thought it reasonable to infer that petitioner exploited Father Simon's vulnerability by targeting his home. The Court of Appeals concluded that "[g]iven all the circumstances and reasonable inferences, the trial court's decision was supported by evidence, and reversal [was] therefore unwarranted." *Fulton*, 2011 WL 832949, at *3.

The state courts reasonably determined that petitioner took advantage of an elderly and vulnerable victim for selfish reasons. Petitioner therefore was not sentenced on the basis of "misinformation of constitutional magnitude" or on "extensively and materially false" information that he had no opportunity to correct through counsel. His due process argument does not warrant habeas relief.

### 2. *Blakely v. Washington*

In his third and final claim, petitioner challenges his sentence on the basis of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely,* 542 U.S. at 296. The Supreme Court held in *Apprendi* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court stated "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

> In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does

11

> not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Id*. at 303-04 (internal citation omitted) (emphasis in original).

Unlike the determinate sentencing scheme at issue in *Blakely*, Michigan has an indeterminate sentencing scheme in which "[t]he maximum penalty is set by statute, but the minimum penalty is determined by the sentencing court and must fall within a mandated guidelines range." *Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010). "[M]inimum sentences fall outside *Apprendi's* scope," *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009), and petitioner's maximum sentences were enhanced by his three prior convictions, a fact that the jury did not have to find beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490. Consequently, petitioner's *Blakely* claim lacks merit.

**IV. Conclusion**

The state appellate court's decision was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Nor was the state court's decision "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability shall issue on petitioner's first claim because reasonable jurists could conclude that petitioner's challenge to the sufficiency of the evidence is "adequate to deserve encouragement to proceed further." *Miller-El*

*v. Cockrell*, 537 U.S. 322, 327 (2003).  The court declines to issue a certificate of appealability on petitioner's sentencing claims because reasonable jurists could not find the court's assessment of those claims debatable or wrong.  Nor could reasonable jurists find that the issues are adequate to deserve encouragement to proceed further.

IT IS FURTHER ORDERED that petitioner may proceed *in forma pauperis* on appeal.

                                                _s/ Bernard A. Friedman_____
                                                BERNARD A FRIEDMAN
                                                SENIOR UNITED STATES DISTRICT JUDGE

Dated:  April 8, 2014
        Detroit, Michigan